Richard J. McCord, Esq. (RJM 3290)
Carol A. Glick, Esq. (CAG 2675)
CERTILMAN BALIN ADLER & HYMAN, LLP
Attorneys for Richard J. McCord, Chapter 7 Trustee for
USA United Fleet Inc., *et al.*
90 Merrick Avenue
East Meadow, NY 11554
Telephone: (516) 296-7000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:

USA UNITED FLEET, INC., a/k/a
SHORELINE FLEET, INC., *et al.,*

          Debtors.

Chapter 7
Case Nos.: 11-45867-jf

(Jointly Administered)

------------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., Chapter 7 Trustee for
USA UNITED FLEET, INC., *et al*.,

          Plaintiff,

 -against-

ATLANTIS MARINA & YACHT CLUB, INC.,

          Defendant.
------------------------------------------------------------------X

Adv. Pro. No.13-

   Plaintiff, Richard J. McCord, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for USA United Fleet, Inc., a/k/a Shoreline Fleet, Inc., USA United Holdings Inc., a/k/a Shoreline Merge, Inc.; United Fleet, Inc.; United Tom Tom Transportation Inc., a/k/a Shoreline Buses, Inc.; USA United Bus Express Inc., a/k/a Shoreline Bus Express, Inc.; USA United Transit Inc., a/k/a Shoreline Pupil Transit, Inc.; Tom Tom Escorts Only, Inc.; and Shoreline Transit Inc. (collectively, the "United Debtors"), and Northeast Transit, Inc., Northeast Buses, Inc., and Northern Transit, Inc. (collectively, the "Northeast Debtors" and together with the United Debtors, the "Debtors"), by his attorneys, Certilman Balin Adler & Hyman, LLP, complaining of

the defendant, Atlantis Marina & Yacht Club, Inc., respectfully alleges and sets forth to this Court as follows:

## JURISDICTION AND PARTIES

1. This action arises under 11 U.S.C. §§ 541, 542, 544, 548, 550, 551 and Rules 6009, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure (hereinafter "Bankruptcy Rules"), New York Debtor & Creditor Law ("DCL") § 271 *et seq.* and New York common law.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§157 and 1334. The statutory predicate for this proceeding is 11 U.S.C. §§105, 541, 542, 544, 548, 550, 551, as this action arises in and under the pending Chapter 7 case of the Debtors, and New York common law.

3. This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), (F), (H) and (O) and 28 U.S.C. §1334.

4. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

5. The Plaintiff is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. §704, having been appointed after the conversion of the debtor's case to one under Chapter 7 of the Bankruptcy Code (11 U.S.C. §101 et. seq.) on July 29, 2011.

6. Upon information and belief, defendant Atlantis Marina & Yacht Club, Inc. ("Atlantis" or "Defendant") is a New York corporation with its principal place of business located at 180 Mansion Avenue, Staten Island, New York 10308.

## BACKGROUND FACTS

7. On July 6, 2011 (the "United Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of title 11 of the United States Code.

8. On July 29, 2011, the Court converted each of the United Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code.

9. By Order dated July 29, 2011, Richard J. McCord, Esq. (the "Trustee") was appointed the Chapter 7 Trustee of each of the converted cases of the United Debtors.

10. On August 10, 2011 ("Northeast Petition Date"), the Northeast Debtors filed voluntary Chapter 7 cases and Richard J. McCord, Esq. was appointed as the Trustee in the Northern Debtors' cases, as well.

11. By Order dated October 28, 2011, the Court ordered the Debtors' cases to be jointly administered.

12. Prior to the United Petition Date, the United Debtors were a family-owned operation that, for more than 30 years, had transported handicapped public school children to and from school and school activities in New York City, under contracts between certain of the United Debtors; i.e., United Tom Tom Transportation, Inc., USA United Bus Express, Inc., USAUnited Fleet, Inc. and USA United Transit, Inc. (collectively, the "United Contract Holders"), and the New York City Department of Education ("DOE") (the "DOE Contracts").

13. The DOE Contracts run from July 1st through June 30th and are renewed annually.

14. For the fiscal year ended June 30, 2010, the United Contract Holders received combined gross revenues of $75,292,524, which were 100% attributable to the DOE Contracts.

15. Prior to the United Petition Date, the United Contract Holders assigned all of their rights, title and interest in the DOE Contracts to the Northeast Debtors.

16. In August 2011, because of the imminent commencement of the 2011-2012 school year and the DOE's stated intention to offer the DOE Contracts with the Debtors out for bid, the Trustee filed an emergency motion on shortened notice to sell substantially all of the

assets of the Debtors, free and clear of liens, claims, encumbrances and interests (the "Liens"), with the Liens to attach to the proceeds of sale, and the assumption and assignment of certain executory contracts (including the DOE Contracts), and for certain related relief, pursuant to an Asset Purchase Agreement ("APA") by and among the Trustee, the United Debtors, the Northeast Debtors, as sellers, and MV Transportation, Inc. ("MV"), as purchaser.

17. On August 15, 2011, the Bankruptcy Court approved the asset sale and the assumption and assignment of the DOE Contracts to MV pursuant to the APA, for a purchase price of $8,177,717, a price insufficient to pay in full the blanket lien and security interests of the Debtors' primary secured creditor.

18. The closing of the sale occurred on August 18, 2011.

19. Dana Pristavec, Dennis Scialpi, Thomas Scialpi, William Moran, and/or Laraine Lia, a/k/a Laraine Castellano, are insiders of the Debtors pursuant to 11 U.S.C. §101(31).

20. The service payments due from New York City to the United Contract Holders under the DOE Contracts (the "DOE Contract Payments") were wired into a bank account maintained by debtor, Shoreline Transit, Inc., Case No. 11-48577-jf, through approximately November 2010.

21. Upon information and belief, prior to the United Petition Date, none of the United Debtors received goods or services or extensions of credit from the Defendant.

22. Alternatively, upon information and belief, prior to the United Petition Date, one or more of the United Debtors received goods or services from the Defendant.

23. Upon information and belief, prior to the Northeast Petition Date, none of the Northeast Debtors received goods or services or extensions of credit from the Defendant.

24. Alternatively, upon information and belief, prior to the Northeast Petition Date, one or more of the Northeast Debtors received goods or services from the Defendant.

25. Prior to the United Petition Date, the United Debtors had been experiencing liquidity shortfalls and were indebted to the Internal Revenue Service ("IRS") and the New York State Department of Taxation and Finance ("NYS Tax Dept.") for income taxes and certain other taxes.

26. Prior to the United Petition Date and the Northeast Petition Date, and at the time of all prepetition transfers which are the subject of this Complaint, the Debtors could not pay their debts as they came due.

27. Prior to the United Petition Date and the Northeast Petition Date, and at the time of all prepetition transfers which are the subject of this Complaint, the Debtors were insolvent or were rendered insolvent thereby.

28. Between September 24, 2009 and December 24, 2009, within two (2) years of the United Petition Date, the Debtors caused transfers by check to or for the benefit of the Defendant, in the amount of $7,126.32 (the "Two-Year Transfers"). Annexed hereto as "Exhibit A" is a schedule which reflects the Two Year Transfers.

29. Upon information and belief, the Two-Year Transfers were made on account of Insider debts or obligations, and not on account of obligations of the Debtors.

30. Between May 18, 2009 and December 24, 2009, the Debtors caused transfers by check to or for the benefit of the Defendant, in the amount of $13,126.32 (the "Transfers Avoidable Under NYDCL"). Annexed hereto as "Exhibit B" is a schedule which reflects the Transfers Avoidable Under NYDCL.

31. Upon information and belief, the Transfers Avoidable Under NYDCL were made on account of Insider debts or obligations, and not on account of obligations of the Debtors.

32. The total amount of Two-Year Transfers and Transfers Avoidable Under NYDCL (collectively, the "Transfers") equal $13,126.32, as set forth in Exhibit "B" annexed hereto.

33. Upon information and belief, the Transfers of Debtor Funds to or for the benefit of the Defendant, as set forth in Exhibit "A" and Exhibit "B" annexed hereto, were made without fair consideration, diminished the bankruptcy estates which came into existence upon the filing of the Debtors' respective chapter 11 petitions, and conferred no benefit on the Debtors.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## <u>AGAINST THE DEFENDANT</u>
### 11 U.S.C. §§ 548(a)(1)(A), 550

34. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "33" as though more fully set forth word for word herein.

35. The Two-Year Transfers were made within two (2) years of the United Petition Date.

36. The Two-Year Transfers were made from Debtor Funds and constituted an interest of the Debtors in property.

37. The Two-Year Transfers were made with actual intent to hinder, delay or defraud the Debtors' creditors, including the IRS and the NYS Dept. of Taxation, under Bankruptcy Code § 548(a)(1)(A).

38. Based upon the foregoing, the Plaintiff is entitled to judgment against the Defendant (i) avoiding the Two-Year Transfer under Bankruptcy Code § 548(a)(1)(A), and (ii) pursuant to 11 U.S.C. §§ 550(a) and 551, may recover from Defendant an amount equal to the Two-Year Transfers, which amount is not less than $7,126.32, plus appropriate interest thereon.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**AGAINST THE DEFENDANT**
**11 U.S.C. §§ 548(a)(1)(B), 550**

39. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "40" as though more fully set forth word for word herein.

40. The Two-Year Transfers were made within two (2) years of the United Petition Date.

41. The Two-Year Transfers were made from Debtor Funds and constituted an interest of the Debtors in property.

42. The Debtors received less than a reasonably equivalent value in exchange for the Two-Year Transfers.

43. Upon information and belief, the Debtors (i) were insolvent on the date that the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers, (ii) were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Debtors was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

44. The Two-Year Transfers constitute avoidable transfers pursuant to Bankruptcy Code § 548(a)(1)(B).

45. Based upon the foregoing, the Plaintiff is entitled to judgment against the Defendant (i) avoiding the Two-Year Transfers under Bankruptcy Code § 548(a)(1)(B), and (ii) pursuant to 11 U.S.C. §§ 550(a) and 551, may recover from Defendant an amount equal to the Two-Year Transfers, which amount is not less than $7,126.32, plus appropriate interest thereon.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## AGAINST THE DEFENDANT
### 11 U.S.C. §§ 544(b), 550, DCL § 273

46. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "45" as though more fully set forth word for word herein.

47. Upon information and belief, the Debtors were either insolvent at the time they caused the Transfers Avoidable Under NYDCL to be made to Defendant or were rendered insolvent thereby within the meaning of DCL § 271.

48. Upon information and belief, on the dates of the Transfers Avoidable Under NYDCL, the value of the Debtors' assets was less than the amount required to pay the Debtors' existing debts as such debts became absolute and mature.

49. Upon information and belief, the Debtors did not receive fair consideration in exchange for the Transfers Avoidable Under NYDCL within the meaning of DCL § 272.

50. Upon information and belief, on the date that the United Debtors filed their Chapter 11 petitions, there were actual existing unsecured creditors holding claims allowable under Bankruptcy Code § 502 that are allowable under Bankruptcy Code § 502(e), who could have avoided the Transfers Avoidable Under NYDCL under DCL § 273.

51. Upon information and belief, the Transfers Avoidable Under NYDCL were fraudulent transfers pursuant to DCL § 273 since the Debtor did not receive fair consideration therefor.

52. By virtue of the foregoing, Plaintiff is entitled to judgment against Defendant pursuant to DCL § 273 finding that the Transfers Avoidable Under NYDCL were fraudulent conveyances and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $13,126.32,

plus appropriate interest thereon.

**AS AND FOR A FOURTH CLAIM FOR RELIEF
<u>AGAINST THE DEFENDANT</u>
11 U.S.C. §§ 544(b), 550, DCL § 274**

53. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "52" as though more fully set forth word for word herein.

54. Upon information and belief, on the dates of the Transfers Avoidable Under NYDCL, the Debtors were engaged in a business for which the assets remaining in their hands represented an unreasonably small capital.

55. Upon information and belief, on the dates of the Transfers Avoidable Under NYDCL, the value of all of the Debtors' assets was less than the amount required to pay the Debtors' existing debts as such debts became absolute and mature.

56. Upon information and belief, the Debtors did not receive fair consideration in exchange for the Transfers Avoidable Under NYDCL within the meaning of DCL § 272.

57. Upon information and belief, on the United Petition Date, there were actual existing unsecured creditors holding claims allowable under Bankruptcy Code § 502 that are allowable under Bankruptcy Code § 502(e), who could have avoided the Transfers Avoidable Under NYDCL under DCL § 274.

58. Upon information and belief, the Transfers Avoidable Under NYDCL were fraudulent transfers as to the Debtors' creditors since such transfers left the Debtors with unreasonably small capital with which to engage in their business.

59. By virtue of the foregoing, Plaintiff is entitled to judgment against Defendant pursuant to DCL § 274 finding that the Transfers Avoidable Under NYDCL were fraudulent conveyances and consequently setting aside such transfers pursuant to Bankruptcy Code §§

544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $13,126.32, plus appropriate interest thereon.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
## AGAINST THE DEFENDANT
### 11 U.S.C. §§ 544(b), 550, DCL § 275

60. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "59" as though more fully set forth word for word herein.

61. Upon information and belief, on the dates of the Transfers Avoidable Under NYDCL, the Debtors knew or should have known that they would incur debts beyond their ability to pay such debts as they matured.

62. Upon information and belief, the Debtors' knowledge of such inability to pay such debts requires that the Transfers Avoidable Under NYDCL be declared fraudulent conveyances under DCL § 275.

63. The Transfers Avoidable Under NYDCL were fraudulent conveyances pursuant to DCL § 275.

64. Upon information and belief, on the United Petition Date, there were actual existing creditors of the Debtor who could have avoided the Transfers Avoidable Under NYDCL pursuant to DCL § 275.

65. Accordingly, the Plaintiff requests a judgment against defendant finding that the Transfers Avoidable Under NYDCL were fraudulent conveyances pursuant to DCL § 275 and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $13,126.32, plus appropriate interest thereon.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### <u>AGAINST THE DEFENDANT</u>
#### 11 U.S.C. §§ 544(b), 550, DCL § 276

66. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "65" as though more fully set forth word for word herein.

67. Upon information and belief, on the United Petition Date, there were actual existing unsecured creditors holding claims allowable under Bankruptcy Code § 502 that are allowable under Bankruptcy Code § 502(e), who could have avoided the Transfers Avoidable Under NYDCL under DCL § 274.

68. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtors in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C. § 502.

69. During the period May 18, 2009 and December 24, 2009, the Debtors transferred the Transfers Avoidable Under NYDCL to defendant in the total amount of $13,126.32.

70. The Transfers Avoidable Under NYDCL in the amount of $13,126.32 could have been utilized to pay a portion of the claims of the IRS and the NYS Tax Dept.

71. The Transfers Avoidable Under NYDCL were made with actual intent to defraud the IRS and the NYS Tax Dept.

72. By virtue of the foregoing, Plaintiff requests a judgment against Defendant finding that the Transfers Avoidable Under NYDCL were fraudulent conveyances pursuant to DCL § 276 and consequently setting aside such transfers pursuant to Bankruptcy Code §§ 544(b) and 550(a) and awarding the Plaintiff damages in the sum of not less than $13,126.32, plus appropriate interest thereon.

### AS AND FOR A SEVENTH CLAIM FOR RELIEF
### <u>AGAINST THE DEFENDANT</u>
#### 11 U.S.C. §§ 544(b), 550, DCL § 276-a

73.　Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "72" as though more fully set forth word for word herein.

74.　In the event the Court determines that the Plaintiff may avoid the Transfers Avoidable Under NYDCL and recover the value thereof for the benefit of the Estate pursuant to Bankruptcy Code §§ 544(b) and 550 and DCL § 276, the Plaintiff is entitled to an award of attorneys' fees and expenses pursuant to DCL § 276-a.

75.　By virtue of the foregoing Plaintiff seeks a judgment in the amount of the attorneys' fees and expenses it incurs in connection with this action.

### AS AND FOR A EIGHTH CLAIM FOR RELIEF
### <u>AGAINST THE DEFENDANT</u>
#### Unjust Enrichment

76.　Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "75" as though more fully set forth word for word herein.

77.　The Two-Year Transfers and/or the Transfers Avoidable Under NYDCL to Defendant were impermissible transfers of the Debtors' interest in property.  Consequently, Defendant was the ultimate beneficiary of such transfers under circumstances in which Defendant would be unjustly enriched if it were to retain such transfers, since the Debtors did not receive reasonably equivalent value therefor.

78.　As a result, Defendant has been unjustly enriched and may not in equity and good conscience retain the Two-Year Transfers and Transfers Avoidable Under NYDCL.

79. Based upon the foregoing, Defendant is liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less than $13,126.32, plus appropriate interest thereon.

### AS AND FOR A NINTH CLAIM FOR RELIEF
### <u>AGAINST THE DEFENDANT</u>
**Dissallowance of Claims**

80. Plaintiff repeats and realleges each and every allegation in paragraphs "1" through "79" as though more fully set forth word for word herein.

81. Upon information and belief, Defendant has filed or may file a proof of claim against the Debtors.

82. Defendant is the recipient of the Two-Year Transfer and/or Transfers Avoidable Under NYDCL, which constitute avoidable transfers under Bankruptcy Code §§ 547(b) and 548, respectively.

83. Defendant has not paid the amount, or turned over such property, for which Defendant is liable under Bankruptcy Code § 550.

84. Pursuant to Bankruptcy Code § 502(d), the Court shall disallow any claim of the Defendant to the extent property is recoverable from under §§ 542, 543, 550, or 553 of title 11, or that is a transferee of a transfer avoidable under §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of title 11, unless Defendants shall have paid the amount recoverable.

85. Until such time as Defendant returns the Transfers to the Plaintiff, Defendant's claims, whether now or subsequently scheduled, filed or otherwise asserted in the above-captioned chapter 7 estates, should be disallowed in its/their entirety.

## RESERVATION OF RIGHTS

86. It is the intent of the Plaintiff to recover the transfers of property of the Debtors made to the Defendant prior to the Petition Date and after the Petition Date and, as such, hereby specifically reserves its rights to amend this Complaint to seek to recover such additional transfers, if any, that are not identified on Exhibit "A" or Exhibit "B", to bring any and all other causes of action that it may maintain against Defendant, including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such additional transfers or further causes of action.

**WHEREFORE,** Plaintiff prays for a judgment granting the relief against the Defendant as set forth below:

(a) Avoidance and recovery of the Two-Year Transfers in the sum of not less than $7,126.32, plus interest, as fraudulent transfers pursuant to Bankruptcy Code §§ 548(a)(1)(A) and 550;

(b) Avoidance and recovery of the Two-Year Transfers in the sum of not less than $7,126.32, plus interest, as fraudulent transfers pursuant to Bankruptcy Code §§ 548(a)(1)(B) and 550;

(c) Avoidance and recovery of the Transfers Avoidable Under NYDCL in the sum of not less than $13,126.32, plus interest, pursuant to DCL § 273 and Bankruptcy Code §§ 544(b) and 550;

(d) Avoidance and recovery of the Transfers Avoidable Under NYDCL in the sum of not less than $13,126.32, plus interest, pursuant to DCL § 274 and Bankruptcy Code §§ 544(b) and 550;

(e) Avoidance and recovery of the Transfers Avoidable Under NYDCL in the sum of not less than $13,126.32, plus interest, pursuant to DCL § 275 and Bankruptcy Code §§ 544(b) and 550;

(f) Avoidance and recovery of the Transfers Avoidable Under NYDCL in the sum of not less than $13,126.32, plus interest, pursuant to DCL § 276 and Bankruptcy Code §§ 544(b) and 550;

(g) An award of attorneys fees pursuant to DCL § 276-a and Bankruptcy Code § 544(b);

(h) Judgment that Defendant is liable to Plaintiff under New York common law for unjust enrichment in an amount as yet to be determined, but in no event less than $13,126.32, plus appropriate interest thereon;

(i) Disallowing any claims of Defendant pursuant to Bankruptcy Code § 502(d),

    until it turns over to Plaintiff the amounts avoided and recovered as Two-Year Transfers and Transfers Avoidable Under NYDCL; and

(j)  An award of such other and further relief the Court deems just and proper.

Dated: East Meadow, New York
    June 7, 2013    **CERTILMAN BALIN ADLER & HYMAN, LLP**
              Attorneys for Chapter 7 Trustee, Richard J. McCord

              By: /s/Richard J. McCord
                 Richard J. McCord, Esq (RJM 3290)
                 Carol A. Glick, Esq. (CAG 2675)
                 90 Merrick Avenue
                 East Meadow, New York 11554
                 (516) 296-7000